**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ELAINE JONES,<br>                Appellant, | DOCKET NUMBER<br>AT-0752-15-0236-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>                Agency. | DATE: December 23, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>John R. Macon</u>, Memphis, Tennessee, for the appellant.

<u>Cynthia R. Allen</u>, Esquire, Memphis, Tennessee, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her enforced leave appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE her enforced leave, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2 The appellant is a preference-eligible Mail Handler at the agency's Processing and Distribution Center in Memphis, Tennessee. Initial Appeal File (IAF), Tab 1 at 1, 7, Tab 5 at 51. On March 12, 2013, she filed a claim for workers' compensation with the Department of Labor's Office of Workers' Compensation Programs (OWCP), alleging that she had sustained a work-related injury on March 7, 2013. IAF, Tab 5 at 65, 73-74. The agency subsequently placed her in a limited-duty assignment repairing damaged mail. IAF, Tab 5 at 50, 72, Tab 12 at 11. The OWCP denied the appellant's claim for workers' compensation on June 27, 2013, and it denied her request for reconsideration of its initial decision on November 1, 2013. IAF, Tab 5 at 63-71. The appellant did not inform the agency that her OWCP claim had been denied and continued to work in the limited-duty assignment. IAF, Tab 22, Hearing Compact Disc (HCD) (testimony of the appellant).

¶3 In a letter dated November 17, 2014, the agency requested updated medical information and restrictions from the appellant's physician in connection with her limited-duty assignment. IAF, Tab 5 at 50. On December 3, 2014, the appellant submitted updated medical information and requested a temporary, light-duty assignment. IAF, Tab 5 at 44, 49, Tab 9 at 19-20; HCD (testimony of the appellant). In her physician's certification dated November 24, 2014, the physician estimated that the appellant required a restricted work assignment for 6 months and indicated that she could not perform the activities of climbing, kneeling, bending, stooping, twisting, pulling, or pushing. IAF, Tab 5 at 49. Her physician also indicated that she was limited to lifting or carrying 5 to 10 pounds. *Id.*

¶4 On December 5, 2014, A.B., the Relief Tour 1 Manager, Distribution Operations, told the appellant to leave work and go home pending a decision on her request for light duty. IAF, Tab 5 at 12, 19, Tab 9 at 20, Tab 15 at 9; HCD (testimony of A.B. and the appellant). In a letter dated the same day, the agency

denied the appellant's light-duty request because there was no light-duty work available within her medical restrictions. IAF, Tab 5 at 45. However, the appellant did not receive this letter because it was mailed to an incorrect address. IAF, Tab 9 at 20-22; HCD (testimony of the appellant).

¶5    On December 26, 2014, the appellant filed a Board appeal alleging that the agency constructively suspended her beginning December 5, 2014, when it ended her limited-duty assignment and failed to allow her to work within her medical restrictions. IAF, Tab 1 at 1-6. She argued that the agency violated her rights to due process and committed harmful procedural error. IAF, Tab 1 at 2, Tab 6 at 6, 9. She further claimed that the agency discriminated against her based on disability and age. IAF, Tab 1 at 2, Tab 6 at 8.

¶6    On January 8, 2015, the agency sent another letter to the appellant denying her request for light duty because there was no light-duty work available within her medical restrictions. IAF, Tab 5 at 46. She received this letter on January 9, 2015. *Id.* at 47-48. On February 4, 2015, she again requested light duty and submitted a new physician's certification with less restrictive medical limitations. IAF, Tab 9 at 29-30. The agency denied her second request for light duty. *Id.* at 28, 30-31. With a third request for light duty made in May 2015, the appellant submitted a new physician's certification indicating that she could lift 10 to 20 pounds, stand for 3 hours, bend, stoop, twist, and pull. IAF, Tab 21. In a letter dated May 20, 2015, the agency approved her request for temporary light duty for 3 hours a day. IAF, Tab 20. The appellant returned to work on July 22, 2015, and was assigned to the flat sorter. HCD (testimony of the appellant).

¶7    The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 5 at 7-8. The administrative judge found that the appellant made a nonfrivolous allegation that the Board has jurisdiction over her appeal. IAF, Tab 13 at 1. After holding a jurisdictional hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 25, Initial Decision (ID) at 1, 9-10. Specifically, she found that the appellant

is an employee with the right to appeal an adverse action under 5 U.S.C. chapter 75 because she is a preference-eligible Postal Service employee with 1 year of current, continuous service in the same or similar position.[2] ID at 5. However, the administrative judge found that the appellant failed to prove that her absence of more than 14 days was a constructive suspension. ID at 6-8. The administrative judge reasoned that, although the appellant lacked a meaningful choice in her absence from work, it was not the agency's wrongful actions that deprived her of that choice. ID at 6, 9. The administrative judge further found that the agency did not act improperly by denying the appellant's initial requests for light duty. ID at 8. Finally, the administrative judge found that the appellant's claims of discrimination based on disability and age were insufficient to establish a constructive suspension. ID at 9.[3]

¶8     The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶9     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[4] 5 C.F.R. § 1201.56(b)(2)(i)(A). A constructive suspension appeal concerns leave that appears to be voluntary, but actually was not. *Bean v. U.S. Postal Service*,

---

[2] Neither party challenges these findings on review, and we see no reason to disturb them.

[3] The administrative judge made a typographical error by stating in the subheading that the appellant also claimed reprisal. ID at 9. Based on our review of the record, we find that the appellant did not raise an allegation of reprisal.

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

120 M.S.P.R. 397, ¶ 7 (2013). An employee may establish jurisdiction if she can prove that she lacked a meaningful choice in the matter and it was the agency's wrongful actions that deprived her of that choice. *Id.*, ¶ 8. In contrast, an agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board's jurisdiction, not a constructive suspension. *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014). To sustain such a suspension, the agency must prove by preponderant evidence that the charged conduct occurred, that a nexus exists between the conduct and service efficiency, and that the penalty is reasonable. *Id.*

¶10        In her petition for review, the appellant reasserts her argument below that the Board has jurisdiction over her appeal because the agency placed her on enforced leave for more than 14 days. PFR File, Tab 1 at 3, Tab 4 at 2; IAF, Tab 1 at 2, Tab 6 at 7, Tab 9 at 2, Tab 24 at 4. For the following reasons, we find that the administrative judge erroneously analyzed the appellant's claim as a constructive suspension instead of an appealable suspension. The record reflects that the appellant had been performing her limited-duty assignment until December 5, 2014, when A.B., the agency manager, told the appellant to leave work and go home pending a decision on her request for light duty. IAF, Tab 9 at 20; HCD (testimony of A.B. and the appellant). Thus, her absence does not appear to have been voluntary or self‑initiated, but constituted enforced leave. Like *Abbott*, 121 M.S.P.R. 294, ¶ 11, the agency's action here constitutes an appealable suspension within the Board's jurisdiction because it placed the appellant in an enforced leave status for more than 14 days against her will.

¶11        Because a tenured Federal employee has a property interest in continued employment, an agency is prohibited from placing an appellant on enforced leave for more than 14 days without providing the due process required under the Fifth Amendment. *Martin v. U.S. Postal Service*, 123 M.S.P.R. 189, ¶ 11 (2016). An agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action

that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Here, the agency did not provide the appellant with notice of any proposed enforced leave or an opportunity to be heard, either before or after it imposed the enforced leave. Consequently, the agency's enforced leave action cannot be sustained. *See, e.g.*, *Martin*, 123 M.S.P.R. 189, ¶ 11 (reversing the agency's suspension action because it violated her constitutional due process rights).

¶12      However, the parties disagree as to whether the appellant or the agency caused the delay between when the agency granted the appellant's request for light duty on May 20, 2015, and when she returned to work in July 2015. IAF, Tab 20, Tab 23 at 11-12, Tab 24 at 3. Because we are unable to determine when the suspension ended, we remand this appeal and direct the administrative judge to make a finding as to the end date of the suspension.

¶13      On remand, the administrative judge should further develop the record on this issue if necessary, and should hold a hearing on the appellant's affirmative defenses of discrimination based on age and disability. IAF, Tab 1 at 1; *see Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶¶ 9-10 (2016) (remanding the appellant's discrimination claims for a hearing because she raised a cognizable claim of discrimination in connection with an otherwise appealable action). Finally, to the extent the appellant seeks to appeal her assignment of only 3 hours of work per day beginning in July 2015, we find that the Board lacks jurisdiction to decide whether she is entitled to an 8-hour per day light‑duty assignment. IAF, Tab 7 at 11, Tab 24 at 9-10; PFR File, Tab 1 at 9‑10; *see Gamble v. U.S. Postal Service*, 48 M.S.P.R. 228, 230-33 (1991).

**ORDER**

¶14    For the reasons discussed above, we reverse the enforced leave action and remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.